IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

In re:

ABRAHAM VEGA VEGA
IRIS B. VELEZ MORALES

Debtors

CASE NO. 19-06011 (EAG)

CHAPTER 13

**OBJECTION TO CONFIRMATION OF CHAPTER 13 AMENDED PLAN**
**(Plan Dated August 28, 2020)**

Comes now Banco Santander Puerto Rico as servicing agent for Island Finance ("BSPR" or the "Bank") through the undersigned attorney and respectfully states and prays as follows:

**Procedural Posture**

On August 28, 2020, Debtors filed an Amended Chapter 13 Payment (the "Plan"). The Plan produces a base of $56,244.00 in step-up and step-down monthly payments during a five-year commitment period; including two (2) months with zero ($0.00) payments. See docket # 63.

In part 3.7 of the Plan Debtors propose to pay to BSPR's security interest in full through the Plan, to wit, the sum of $19,158.47 with interest at the annual rate of 6%. The Plan fails to provide for the payment of insurance and real property taxes, thus, unilaterally modifying a first mortgage secured by Debtors' residence. See docket # 57.

BSPR hereby objects to the confirmation of the Plan based on the following grounds: *(i)* the plan as proposed is not feasible; *(ii)* there is no certainty that Debtors will be able to make all the required payments under the Plan; *(iii)* the proposed mortgage modification in the absence of an agreement with BSPR is not feasible; *(iv)* the Plan fails to provide for hazard insurance (DP-1) and for the payment of the real estate property taxes as agreed by the parties in the mortgage loan; and *(v)* failure to provide for equal monthly payments.

## The Facts

1. BSPR reproduces and adopts by reference the allegations depicted in the Procedural Posture.

2. That on November 11, 2019, BSPR filed proof of claim number 4 claiming the secured amount of $19,158.47, including $3,641.53 in pre-petition arrears on account of the <u>first mortgage</u> that encumbers Debtors' residence located at Rd. 121, Km. 4.8, Maginas Ward, Sabana Grande, PR.

3. Debtors have failed to make the post-petition mortgage payments and or provide for pre-confirmation adequate protection payments.

4. According to Schedule A-B filed by Debtors the subject property has a market value of $65,000.00, thus, BSPR for all practical and legal purposes is an over-secured creditor.

## Grounds for the Objection to Confirmation of the Plan

5. The Plan under consideration of the Court fails to provide any acceptable treatment for curing the default to BSPR's secured claim. BSPR's secured claim number 4 is deemed allowed as filed. Rule 3001 (f) of the Federal Rules of Bankruptcy Procedure, clearly states as follows:

> "(f) Evidentiary Effect. A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim."

6. In other words, a claim filed in accordance with Rule 3001, *supra*, has a presumption of validity. *Properly filed claim is prima facie evidence under Bankruptcy Rule 3001 of validity and amount of claim; presumption of validity remains until objector introduces evidence sufficient to rebut prima facie case.* <u>In re Gracey (1987, BC ED Pa) 79 BR 597.</u> *Under*

*Bankruptcy Rule 3001(f), filing by creditor of proper claim constitutes prima facie evidence of validity and amount of claim.* <u>In re Brickell Inv. Corp. (1988, BC SD Fla) 85 BR 164.</u>

7. Debtors are required to provide a treatment to BSPR's secured claim number 4 under the wide variety of options available in 11 U.S.C. § 1322 (b) (2) (3) and (5).

<u>Lack of Feasibility</u>

8. Debtors' failure to provide an acceptable mean to cure the pre-petition arrears and to further cure all the defaults in the mortgage loan of reference constitute a clear and convincing evidence that there is a serious feasibility problem that makes one wonder if a Chapter 13 is the appropriate remedy.

9. Also according to the Chapter 13 Trustee's Report on Confirmation (docket # 45) according to Schedule I there is a discrepancy as to the income disclosed in Schedule I and the evidence of the real income produced by Debtors to the Chapter 13 Trustee that raises a "red flag" that Debtors are not committing all of their disposable income to pay their creditors under the Plan.

10. In summary, Debtors have failed to meet the test of Section 1325 (a)(6) of the Code, 11 U.S.C. § 1325 (a)(6) that requires in order for the Court to be able to confirm the Plan to make a finding that Debtor will be able to <u>make all payments</u> under the plan.

<u>Failure to Provide for Insurance</u>

11. According to the mortgage deed executed in guaranty of the payment of mortgage note, Debtors assumed the obligation to insure the BSPR's collateral with a hazard insurance to cover the risks of fire, earthquake and hurricane (DP-1).

12. Debtors have failed to provide evidence that they actually have in place the required insurance policy, nor the Plan provides for the payment of the required insurance through the Trustee.

*Failure to Provide Evidence of Payment of Real Property Taxes*

13. According to the mortgage deed executed in guaranty of the payment of mortgage note, Debtors assumed the obligation of paying the real property taxes assessed and collected by CRIM.

14. Debtors have failed to provide evidence of that they actually has paid the real property taxes, nor the Plan provides for the payment of the required real property taxes through the Trustee.

15. As previously alleged, a simple mathematical computation taking into consideration the value of the collateral in the amount of $65,000.00 as per Schedule A-B, less the amount of claim number 4 in the amount of $19,158.47, shows that BSPR is an over-secured creditor, and as such is entitled to the accrued pre-petition interest and expenses pursuant to the provisions of 11 USC § 506 (b).

16. Section 506 (b), supra, provides as follows:

> "(b) To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, <u>there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement or State statute under which such claim arose</u>." (Emphasis supplied).

*Impermissible Mortgage Modification*

17. BSPR inclusion of its secured claim in Part 3.7 of the Plan constitutes an impermissible modification of the Bank's first mortgage, specifically, the proposed modification

reduces the interest rate from 13.50% to 6%, unilaterally fails to recognize Debtors' obligation to provide for insurance and the payment of real property taxes.

18. BSPR's security interest encumbers Debtors' residence with a first mortgage, thus, the mortgage loan in query is protected against unilateral modification by the provisions of Section 1322 (b)(2) of the Bankruptcy Code (the "Code").

*Equal Monthly Payments*

19. A cursory review of Part 2.1, Part 3.7 and Part 7.2 of the Plan shows that BSPR will not be paid in equal monthly installments, thus, the Plan is not confirmable because it fails to comply with the dispositions of Section 1325 (a)(5)(B)(iii)(I) that requires:

> "(I) property to be distributed pursuant to this sub-section is in the form of periodic cash payments, <u>such payments shall be in equal monthly amounts</u>; and" (Emphasis supplied).

20. For purposes of arguing the case only, in order for Debtors to be able to pay BSPR's claim in the amount of $19,158.47 in equal monthly payments Debtor will have to make monthly payments to the Bank in the amount of $319.30 during the five year commitment period. In part 7.2 of the Plan, Debtors instruct the Trustee to pay, BSPR's secured claim after, the payment of the Trustee's commission equivalent to 10% of the amount of the payment received from Debtor and after the payment of the attorney's fee $3,435.00 and the payment of insurance to Popular Auto on an undisclosed amount.

21. In Part 3.7 of the Plan BSPR will receive pro-rata dividends with other creditors included in Part 3.7, such as, Title Loans Express and Popular Auto.

22. A simple mathematical computation based on the previous numbers show that BSPR will not receive any dividend under the Plan for the first nine (9) months of the five (5) year commitment period.

23. The Courts interpreting the amendments introduced to Section 1325 (a)(5)(B)(iii) of the Code, 11 U.S.C. §1325 (a)(5)(B)(iii) by the *Bankruptcy Abuse Prevention and Consumer Protection Act of 2005* have ruled that the proffer of payments to secured creditors to cure the arrears have to be in equal monthly installments to keep pace with the depreciation during the term of the plan. Such treatment cannot allow for a balloon payment. See <u>In re Lemieux</u>, 347 B.R. 460 (Bankr. Ma. 2006); <u>In re Wagner</u>, 342 B.R. 766 (E.D. Tenn. 2006); <u>Americredit Fin. Services, Inc. v. Nichols (In re Nichols)</u>, 440 B.R. F. 3d 850, 857 (6th Cir. 2006); <u>In re DeSardi</u>, 340 B.R. 790 (Bankr. S.D. Tex. 2006).

### NOTICE OF RESPONSE TIME

**Pursuant to the provisions of Local Bankruptcy Rule 9013-1 (c)(1) within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.**

WHEREFORE, BSPR respectfully requests an Order denying the confirmation of the Plan dated August 28, 2020.

### CERTIFICATE OF ELECTRONIC FILING AND SERVICE

I hereby certify that on this date copy of this motion has been electronically filed with the Clerk of the Court using the CM/ECF system which will sent notification of such filing to Debtors' attorney **Lirio del Mar Torres, Esq.** and to **Alejandro Oliveras Rivera, Esq.**, Chapter 13 Trustee, and also certify that I have mailed by United State Postal Service copy of this motion to the following non CM/ECF participant debtor, to their address of record in this case.

In San Juan, Puerto Rico, this 1st day of September 2020.

**CARDONA JIMENEZ LAW OFFICES, P.S.C.**
Attorney for BSPR
PO Box 9023593
San Juan, PR 00902-3593
Tels: (787) 724-1303, Fax No. (787) 724-1369
E-mail: **jf@cardonalaw.com**

*/s/José F. Cardona-Jiménez*
**USDC PR 124504**